16892

STATE v. TEAL

(82 S. E. (2d) 787)

*John B. Baltzegar, Jr., Esq.,* of Orangeburg, *for Appellant.*

*Robert L. Kilgo, Esq., Solicitor,* of Darlington, *for Respondent,*

July 15, 1954.

TAYLOR, Justice.

The appellant, James Teal, was convicted at the October Term of General Sessions Court for Marlboro County of the crimes of Breaking and Entering and Grand Larceny for which he was sentenced to serve three years on each count, the sentences to run concurrently.

Mr. Wilbur Hodges, owner of the building which had been entered, testified that the building was locked with a padlock as of Sunday, January 28, 1951; that on Wednesday morning, January 31, he noticed that the lock had been cut apparently with bolt cutters and had fallen in pieces to the cement floor on the outside of the door. Upon entering the building, he discovered that a freezer of the value of more than $400.00 was missing, marks being left on the floor indicating it had been dragged to the door.

Appellant in a written statement, confessed to members of the State Constabulary, known as South Carolina Law Enforcement Division, that he and one Elliott Dean were the parties who removed the "Coldspot Deep Freeze" from the fruit store and carried it to his house but as it was too large they were unable to get it through the door. He then carried it to the home of his brother-in-law, Otto Davis, who agreed to keep it for him. Later he met one Ernest Smith at the

Davis home and turned the freezer over to him. Portions of this testimony were corroborated by both Davis and Smith.

Appellant takes the position that the evidence was insufficient to support a conviction of either Breaking and Entering or Grand Larceny. It is useless to quote further from the testimony to show that if the testimony heretofore referred to was believed by the jury, which it had a right to do, it was sufficient to require submission of the case to the jury. Appellant takes the position, however, that at the time his alleged confession was admitted into evidence, sufficient proof of the *corpus delicti, aliunde,* the confession, had not been shown. "The *'corpus delicti'* in larceny consists of two elements—the loss of the property by the owner and the loss by a felonious taking." *State v. Roof,* 196 S. C. 204, 12 S. E. (2d) 705; and generally speaking, the term *"corpus delicti"* means, when applied to any particular offense, that the specific crime has actually been committed, *State v. Gillis,* 73 S. C. 318, 53 S. E. 487, 5 L. R. A., N. S., 571; 14 Am. Jur. 758. The rule is well established that the conviction cannot be had on the extrajudicial confessions of the defendant unless corroborated by proof *aliunde* of the *corpus delicti. State v. Blocker,* 205 S. C. 303, 31 S. E. (2d) 908.

In the instant case it was testified that the door was fastened with a lock which had been cut and the pieces had fallen to the floor, the place entered and the freezer removed; other cabinets in the place contained ice cream which had been left open so recently that they showed very little sign of defrosting and the ice cream was still frozen hard; that on previous occasions the doors to these cabinets had been left ajar inadvertently and at such times they would show evidence of defrosting in a comparatively short while. Here the doors were left wide open and very little defrosting had taken place from which the jury could have reasonably concluded that the place had been broken into a short while prior to its discovery on the morn-

ing of the 31st and that this breaking in resulted in the loss of the freezer by the owner through a felonious taking. Therefore, this position is not well taken.

When the case was called for trial and selection of a jury was completed, it was discovered that 13 jurors instead of 12 had been selected. The trial Judge thereupon dismissed the panel and another jury was selected in the proper manner. Not before, however, Appellant had moved for a continuance of the case on the ground that he would be prejudiced if forced to select another panel from the venire. This was refused, another panel selected and the trial proceeded. The error was discovered prior to the reading of the indictment or the taking of any testimony and appellant has not shown where he was in anywise prejudiced by the impaneling of a new jury.

"If a jury of more than twelve should be impaneled and sworn and the mistake is discovered before retirement for deliberation, the cause should be withdrawn from the jury and a new jury impaneled and sworn, or if the last juror sworn can be pointed out, he may be dismissed from the panel and the trial proceed before the legally constituted jury." 53 Am. Jur., Page 687, Sec. 983.

Appellant denied having any connection with the crime, repudiated his confession and contended that he was registered in a hotel in the City of Spartanburg at the time of the crime, and attempted to introduce into the record a photostatic copy of a purported hotel receipt showing that he was registered at such hotel on the date in question. No effort was made to produce the original receipt, no witness subpoenaed from the hotel and no effort made to produce the original records of the hotel which is within the jurisdiction of the Court; therefore, it was not error to sustain the solicitor's objection to the proffered evidence. It is difficult to see, however, how such evidence could have proven beneficial to Appellant as he undoubtedly expected to use it in an effort to establish an alibi but such receipt could have shown no more than the fact

that he was registered at such hotel, not that he was there personally as he could easily have driven to Marlboro County and been present at the scene of the crime on the date in question while in fact registered at the hotel in Spartanburg. Furthermore, his confession states that the crime was committed in the nighttime of January 30 and this coincides with the testimony of other witnesses.

We are of the opinion that all exceptions should be overruled and the judgment and sentence of the Court affirmed and it is so ordered.

STUKES and OXNER, JJ., and J. ROBERT MARTIN, JR., Acting Associate Justice, concur.

BAKER, C. J., did not participate.