21270

The STATE, Respondent, v. Doris CUNNINGHAM, Appellant.

(268 S. E. (2d) 289)

*Michael Parham,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Brian P. Gibbes* and *Andrew J. Savage,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

July 23, 1980.

LITTLEJOHN, Justice:

Defendant Doris Cunningham was convicted of reckless homicide in connection with a two-car collision in Greenville County. She appeals, alleging that several errors occurred during the trial. We affirm.

The wreck occurred when a Plymouth occupied by Cunningham and a Miss Culpepper ran a red light at a high rate of speed and crashed into a Chevrolet. The driver of the Chevrolet was killed. The major issue at trial revolved around the identity of the driver of the Plymouth. Both Cunningham and Culpepper claimed the other was driving at the time of the crash. The State presented, in addition to Culpepper, the investigating highway patrolman and an emergency medical technician as witnesses. Both testified that at the scene of the collision, Cunningham stated she was driving the Plymouth.

Cunningham asserts that the trial judge erred in refusing to charge the jury to disregard her statement to the patrolman if it found the statement to be involuntary and unreliable. We find no error.

After a hearing outside the presence of the jury, Highway Patrolman Montgomery testified before the jury that while Cunningham and Culpepper were in the ambulance he asked who was driving their vehicle. Cunningham responded that she was the driver. Both Cunningham and Culpepper denied that any such interview occurred. Cunningham's counsel characterizes the response as a confession; we do not agree with that characterization. A " 'confession' in legal sense, is restricted to acknowledgment of guilt, and does not apply to mere statement of fact from which guilt may be inferred." *State v. Miller,* 211 S. C. 306, 45 S. E. (2d) 23 (1947). Cunningham did not admit that she had been driving in a reckless manner, but simply responded that she was the driver. There is no evidence of coercion which would have made the response involuntary. The response was properly admitted into evidence and the jury implicitly found it reliable. Cunningham was not prejudiced by the trial judge's refusal to give the requested charge.

It is next alleged that the trial judge erred in allowing the emergency medical technician to give his opinion as to who was driving the Plymouth. Cunningham maintains that the technician was not an expert and thus was unqualified to give his opinion. While the State attempted to qualify the technician as an expert capable of determining a person's position in a car given the type of collision and injuries received, the record reveals that his opinion was based on Cunningham telling him she was the driver of the Plymouth. He then proceeded to testify that her injuries were consistent with those normally suffered by drivers as opposed to passengers. We find no error in allowing this testimony. As this court has held:

"Whether a witness has qualified as an expert, and whether his opinion is admissible on a fact in issue, are matters resting largely in the discretion of the trial court." *Prince v. Associated Petroleum Carriers,* 262 S. C. 358, 204 S. E. (2d) 575 (1974).

There was no abuse of discretion.

Cunningham last asserts that the trial judge erred in failing to strike the in-court identification of Cunningham by the emergency medical technician. On cross-examination of the technician, it was determined that he had been present at the preliminary hearing but had not been called as a witness. Counsel for Cunningham maintains that the technician's presence tainted his in-court identification. We disagree.

The purpose of the preliminary hearing is to establish that probable cause exists to continue the criminal process. The State has the burden of proving probable cause, but is not required to call all of its potential witnesses. The record before us fails to show that the State had the technician at the preliminary hearing for the purpose of aiding his identification of Cunningham. This court refuses to imply bad faith simply because the technician was present and was not called as a witness at the preliminary hearing. Further, when asked if his in-court identification was based upon what he saw at the preliminary hearing, the technician responded, "No, sir, I don't believe so." The trial judge did not err in refusing to strike the in-court identification of Cunningham and the conviction is

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.