## 21468

In the Matter of Tommy **PERKINS**, a Minor under the Age of Seventeen Years, Appellant.

(278 S. E. (2d) 781)

*Malcolm K. Johnson,* Hartsville and *Deputy Appellate Defender, Vance J. Bettis,* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen., Daniel R. McLeod, Asst. Attys. Gen., Kay G. Crowe* and *Lindy P. Funkhouser,* Columbia and *Sol., J. Dupre Miller,* Darlington, *for respondent.*

May 28, 1981.

LITTLEJOHN, Justice:

Pursuant to a petition filed in the family court alleging that Tommy Perkins, appellant, had broken and entered a house and stolen a radio and had also stolen a bicycle, a hearing was held and Perkins was adjudicated a delinquent and sentenced to the Department of Youth Services for a period not to exceed 45 days. He has appealed. We reverse.

The sole question for determination by this court is whether the adjudication of this minor of delinquency may rest solely upon his inculpatory statements. At the hearing, counsel for the State stipulated: "Your Honor, we'll stipulate that the State's case rests on the statements made to the officers."

This court has declared in several cases that conviction cannot be had on the extrajudicial confession of the defendant uncorroborated by proof *aliunde* of the *corpus delicti. State v. Blocker,* 205 S. C. 303, 31 S. E. (2d) 908 (1944), *State v. McIver,* 238 S. C. 401, 120 S. E. (2d) 393 (1961), *State v. Teal,* 225 S. C. 472, 82 S. E. (2d) 787 (1954).

Applying this statement of the law to the stipulated facts, we hold that the lower court erred in failing to dismiss the case.

Reversed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.