24403

The STATE, Appellant v. David C. WILLIAMS, P. J. Stephenson & David A. Smith, Respondents.

(468 S.E. (2d) 656)

Supreme Court

---

*Attorney General Charles Molony Condon, Assistant Attorney General Donald J. Zelenka, Assistant Attorneys General G. Thomas Chase and Caroline Callison Tiffin,* Columbia; and *Solicitor Walter M. Bailey, Jr.,* Summerville, *for appellant.*

*William H. Johnson, Steven S. McKenzie, Coffey, Chandler & Durant,* of Manning; and *Senior Assistant Appellate De-*

*fender Wanda H. Haile,* of *S.C. Office of Appellate Defense,* Columbia, *for respondents.*

Heard Jan. 9, 1996.

Decided Mar. 5, 1996.

BURNETT, Justice:

Respondents were indicted for second-degree arson. Upon motion of defense counsel, the trial judge conducted a pretrial hearing to determine whether sufficient evidence of corpus delicti existed to proceed to trial. At the conclusion of the hearing, the trial judge dismissed the charges against all three Respondents. The State appeals that dismissal.[1] Respondents cross-appealed raising various other issues. By order dated October 5, 1995, this Court dismissed Respondents' cross-appeals because Respondents had not been sentenced. *See State v. Miller,* 289 S.C. 426, 346 S.E. (2d) 705 (1986) (a criminal defendant may not appeal until a sentence is imposed). Therefore, the only issues before us arise out of the State's appeal. We reverse.

## FACTS

On March 30, 1992, David Smith's double-wide mobile home in Orangeburg County suffered damage from a fire. Investigators determined the fire started in the kitchen and was the result of cooking oil igniting after being heated in a "Fry Daddy" deep-fat fryer for at least an hour. Although no accelerant was discovered, investigators found evidence that the house had been "sterilized" prior to the fire. Outside the trailer, a trash can filled with children's toys was found. In a pump house adjacent to the trailer, personal items were discovered in two suitcases, one bearing an identification tag with David Smith's name on it. The items included photo albums, love notes, costume jewelry, and "sex toys." Moreover, the back door—a sliding glass door—was open three inches. One investigator opined that the door had been left open to provide an oxygen supply that would facilitate the burning of the fire.

Pretrial, defense counsel moved the trial court to conduct

---

[1] Respondents do not challenge the State's right to appeal this matter.

an evidentiary hearing out of the presence of the jury for the purpose of determining whether sufficient evidence of the corpus delicti existed to proceed to trial. Counsel argued that "the government must establish the incendiary nature of the fire before if it can get into the issue of statements or admissions." The trial court agreed and conducted a hearing at which two arson investigators testified. At the conclusion of the hearing, the trial court held that:

> In order for the State to establish corpus delicti in this case, it must provide evidence that the burning was by a willful act and not a result of natural or accidental causes. There has been no testimony whatsoever to suggest that this fire was the result of a willful act; that any criminal agency was involved whatsoever; that there defendants had any connection whatsoever with the fire that resulted. ... There was no testimony that would even support the theory of circumstantial evidence, wherein if employed it would have to exclude every other reasonable hypothesis, except point toward the guilt of these defendants.

The trial court then dismissed the arson charges against all three Respondents.

## DISCUSSION

The State argues that the trial court abused its discretion by dismissing these charges. The State contends that it should have been permitted to present its case-in-chief after which the court could direct a verdict in favor of the Respondents if there was no evidence of corpus delicti. Alternatively, the State argues that even if the court did not err in dismissing the charges when he did, the judge still abused his discretion because, contrary to his holding, there was evidence of corpus delicti. We agree with these arguments.

A conviction cannot be had on the extrajudicial confessions of the defendant unless corroborated by proof aliunde of the corpus delicti. *State v. Blocker*, 205 S.C. 303, 31 S.E. (2d) 908 (1994). In an arson case, the corpus delicti consists of (1) a burned building or other property, and (2) some criminal agency which caused the burning. *Id.* "In other words, the *corpus delicti* includes not only the fact of burning, but it must also appear that the burning was by the willful act

of some person, and not as a result of a natural or accidental cause. . . ." 205 S.C. at 306, 31 S.E. (2d) at 909 (emphasis in original). Moreover, if there is any evidence tending to establish the corpus delicti, then it is the duty of the trial court to pass that question on to the jury. *State v. Blocker, supra.*

We agree with the State that the trial judge abused his discretion by dismissing the charges without first allowing the State to present its case. Clearly, the trial judge substituted himself for the finder of fact during this unusual and unnecessary pretrial hearing.[2] Had the State been allowed to fully present its case, other facts might have been adduced which would have further proven the corpus delicti. At the conclusion of the State's case, the judge could have directed a verdict in favor of the defendants if he deemed such a ruling appropriate.

Moreover, there was evidence of corpus delicti, including the sterilization of the house and the opening of the sliding glass door. *See State v. Owens,* 293 S.E. 161, 359 S.E. (2d) 275, *cert. denied,* 484 U.S. 982, 108 S.Ct. 496, 98 L.Ed. (2d) 495 (1987) (corpus delicti may be proved by circumstantial evidence). A trial judge should deny a motion for a directed verdict and submit an arson case to the jury if there is any evidence tending to establish the corpus delicti. *State v. Blocker, supra.* Accordingly, the judgment of the trial court is reversed.[3]

---

[2] At trial, confusion appears to have existed regarding the proper procedure to be employed in proving corpus delicti. Witness Linda Driggers had given a statement to the police implication Respondents in the burning of the trailer. Respondents successfully argued that before this statement could be admitted into evidence, the corpus delicti must first be proven in an *in camera* hearing.

In *State v. Blocker,* this Court held that a conviction cannot be had on the extrajudicial confessions of the defendant unless corroborated by proof aliunde of the corpus delicti. Proof of corpus delicti is not a prerequisite to the admission of an extrajudicial confession of a defendant. If, however, corpus delicti is not proven and the sole evidence of guilt is a confession, a directed verdict in favor of the defendant is required. We further note that the statement involved in this case was that of a witness, not of the defendants themselves. Under these facts, we find it puzzling why such a hearing was held.

[3] Respondent David Smith argues that the State did not oppose the hearing when Respondents moved that it be held. In moving for the hearing, Respondents asked the trial court to rule on the corpus delicti issue "prior to allowing the testimony to come before the jury inasmuch as there is a risk of prejudice if certain statements may be testified to in the course of establishing the fire, at which point we would not be able to cure that in front of the jury." The State was given no indication that the trial court would peremptorily dismiss

Because of our holding in this case, we decline to address the State's remaining argument.

Reversed.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.

the charges at the close of a hearing the stated purpose of which was to prevent prejudice. Thus, we disagree with Respondent Smith that the State is procedurally barred from raising this issue.