487 S.E.2d 185

**The STATE, Petitioner,**

v.

**Karen ROWELL, Respondent.**

No. 24641.

Supreme Court of South Carolina.

Heard Jan. 22, 1997.

Decided June 30, 1997.

Rehearing Denied July 23, 1997.

314

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General William Edgar Salter, III, Columbia; and Solicitor Ralph J. Wilson, Conway, for Petitioner.

Assistant Appellate Defender Robert M. Pachak, of South Carolina Office of Appellate Defense, Columbia, for Respondent.

## ON WRIT OF CERTIORARI TO
## THE COURT OF APPEALS

FINNEY, Chief Justice.

Respondent was convicted of two counts of reckless homicide and was sentenced to five years' imprisonment, suspended upon the service of three years' imprisonment and two years' probation. In *State v. Rowell*, 321 S.C. 114, 467 S.E.2d 247 (Ct.App.1995), the Court of Appeals reversed by a vote of 2–1 with Judge Cureton dissenting. The majority held that respondent was entitled to a directed verdict on each count

because there was no evidence that she acted in reckless disregard of the safety of others. We granted the State's petition for a writ of certiorari, and now reverse the Court of Appeals and reinstate the convictions.

■ Respondent was tried on two counts of reckless homicide following a 1992 automobile-pedestrian accident in which two children were killed. At the close of the State's case and at the close of all the evidence, respondent moved for a directed verdict arguing that the evidence presented by the State was insufficient to establish that she was driving her vehicle recklessly at the time of the accident. The trial court denied the motions and respondent was subsequently convicted on both counts. On appeal, the Court of Appeals reversed the denial of respondent's motion for directed verdicts, holding that although respondent's actions were "clearly negligent," the State failed to present sufficient evidence that her actions were reckless. The State argues this was error. We agree.

■ In reviewing the denial of a motion for a directed verdict, the evidence must be viewed in the light most favorable to the State, and if there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find that the case was properly submitted to the jury. *State v. Venters*, 300 S.C. 260, 387 S.E.2d 270 (1990); *State v. Edwards*, 298 S.C. 272, 379 S.E.2d 888, *cert. denied*, 493 U.S. 895, 110 S.Ct. 246, 107 L.Ed.2d 196 (1989). The criminal law ordinarily requires that the defendant possess both "an evil meaning mind [and] an evil doing hand" before liability is imposed. *State v. Jefferies*, 316 S.C. 13, 446 S.E.2d 427 (1994). To convict an individual of reckless homicide, the State must prove the individual was driving a vehicle "in reckless disregard of the safety of others." See S.C.Code Ann. § 56–5–2910 (Supp.1996). Reckless disregard for the safety of others signifies an indifference to the consequences of one's acts. It denotes a conscious failure to exercise due care or ordinary care or a conscious indifference to the rights and safety of others or a reckless disregard thereof. *See State v. Tucker*, 273 S.C. 736, 259 S.E.2d 414 (1979).

At trial, the State presented the testimony of several individuals who witnessed the accident. Randi Slaughter testified

that after leaving a grocery store, she and several other children were walking north on Wiley Drive, a two-way street, at approximately 7:30 p.m. on October 24, 1992. Randi and two other individuals, Jennifer Tomlinson and Randi's sister Sarah, who was carrying Jennifer's infant daughter, were walking on one side of the road (with the traffic) while another individual, Erica Spon, was walking on the other side of the road (against the traffic) pushing a baby carriage containing Jennifer's son Hank. After a car passed the group, Erica and Hank moved to the same side of the street as Randi and the others. When they observed a second car turn onto Wiley Drive and approach them from the front, the group moved into the road's grassy shoulder. Randi testified she then saw the car, driven by respondent, cross the center of the road and head towards the group. Randi stated it appeared the car was speeding up. The group then tried to get out of the path of respondent's car by moving further into the grassy area, however, the car struck four members of the group (including Randi), killing Erica and Hank. Sarah and Jennifer gave similar testimony.

Alberta Kissell, who drove past Randi and the rest of the group just prior to the accident, also testified for the State. Kissell stated that although it was dark, she had no trouble seeing the individuals as she approached them from the rear. Kissell stated that after she passed the group, she saw respondent's car turn onto Wiley Drive. According to Kissell, respondent was traveling at a normal rate of speed and the headlights on respondent's car were illuminated. When Kissell stopped at a stop sign on Wiley Drive, she looked back and saw respondent's car on the wrong side of the road. Kissell stated she never saw the brake lights illuminate on respondent's car.

Eric Ayersman, a police officer who investigated the accident, also testified at trial. Ayersman testified that when he questioned respondent about what had occurred, respondent stated that she swerved to the left because she thought someone had stepped out in front of her. Ayersman also testified that his investigation revealed respondent's car travelled up to four feet off the road and into the grassy area before striking the victims. In addition, Ayersman stated he found no skid marks at the scene, either on the roadway or in

the grassy area, indicating respondent never attempted to brake.

The evidence, viewed in the light most favorable to the State, showed that respondent's vehicle crossed the center line and then accelerated. The victims observed these events, and had sufficient time to take evasive action and move further away from the roadway. Despite this lapse of time, respondent never applied her brakes nor corrected her car's path, eventually striking the children who were four feet away from the roadway. The testimony constitutes some evidence that the car was operated in reckless disregard of the safety of others, and therefore the directed verdicts were properly denied by the trial judge. *State v. Venters, supra; State v. Edwards, supra.*

█ It is clear from the record that both the trial court and the Court of Appeals were deeply concerned about the requirement in a criminal case that the State prove, beyond a reasonable doubt, that the defendant had the requisite "evil" state of mind, and the impact of civil concepts of liability which allow evidence of negligence and recklessness to be derived from a defendant's causative violation of a traffic statute. e.g., *Wise v. Broadway,* 315 S.C. 273, 433 S.E.2d 857 (1993). We clarify today that in a criminal case, the State cannot rely on civil concepts of negligence and recklessness, that is, statutory violations, to meet its burden of proving the defendant's state of mind.[1] The import of the terms negligence and recklessness as used in the civil law and in the criminal law are neither equivalent nor interchangeable. See Watson and McAnich, *Guide to South Carolina CRIMINAL LAW and PROCEDURE* pp. 158–163 (4th Ed.1994); McAnich and Fairey, *The Criminal Law of South Carolina* pp. 11–14 (3rd Ed.1996). To the extent the confusion about the impact of civil concepts of negligence and recklessness on criminal law stem from dicta in our decision in *In the Interest of Stacy Ray A.,* 303 S.C. 291, 400 S.E.2d 141 (1991), we disavow that discussion.

---

1. We do not mean to suggest that the legislature cannot require proof of a statutory violation as an element of the offense charged. e.g., South Carolina Code Ann. § 56–5–2945 (1991)(felony DUI requires proof the defendant did an act forbidden by law or neglected a duty imposed by law, proximately causing great bodily harm or death to the victim).

318

For the reasons given above, the decision of the Court of Appeals is

**REVERSED.**

TOAL, A.J., MOORE and WALLER, JJ., and Acting Associate Justice L. CASEY MANNING, concur.