516 S.E.2d 201

The STATE of South Carolina, Petitioner,

v.

Elmer OSBORNE, Respondent.

No. 24942.

Supreme Court of South Carolina.

Heard Nov. 6, 1997.

Decided May 3, 1999.

Patrick M. Teague, Associate General Counsel, and Frank L. Valenta, Jr., General Counsel, both of the South Carolina Department of Public Safety, of Columbia, for petitioner.

Dallas D. Ball, of Pickens, for respondent.

Charles M. Condon, Attorney General, John W. McIntosh, Deputy Attorney General, Salley W. Elliott, Assistant Deputy Attorney General, and Harold M. Coombs, Jr., Senior Assis-

174

tant Attorney General, of Columbia, for petitioner amicus curiae.

WALLER, Justice:

Respondent Elmer Osborne was convicted in magistrate's court of driving under the influence ("DUI") in violation of S.C.Code Ann. § 56–5–2930 (1976). The circuit court reversed, finding the State [1] failed to prove the *corpus delicti.* The Court of Appeals affirmed the circuit court's ruling. *State v. Osborne,* 321 S.C. 196, 467 S.E.2d 454 (Ct.App.1996). We granted the State's petition for certiorari, and now reverse.

## FACTS

At 11:17 p.m. on November 24, 1991, Trooper J.M. Bagwell arrived at the scene of a one-car accident. The car had gone off the road and hit a speed limit sign. It was abandoned. The car hood was warm to the touch. Bagwell went back to patrolling the area.

At 1:50 a.m., November 25, 1991, Deputy J.S. Duncan met Respondent at a Hot Spot convenience store. Duncan testified Respondent told him he called the police to report his car stolen. In Duncan's opinion, Respondent was very intoxicated. He told Respondent the penalty for filing a false report and advised him of his rights under *Miranda v. Arizona.*[2] Respondent then told Duncan he wrecked his car. The two then returned to the accident scene, where they met Trooper Bagwell (who was called back to the scene). At first, Respondent told Bagwell the car was stolen; he then admitted he wrecked the car after Deputy Duncan reminded him of what he had said at the Hot Spot. Duncan asked Respondent where the car keys were because the vehicle was locked. Respondent said they were in his pocket and gave them to Duncan.

---

1. Petitioner is the South Carolina Department of Public Safety. The Office of the Attorney General has filed an *amicus curiae* brief essentially supporting Petitioner's argument. References in this opinion to "the State" refer to Petitioner.

2. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Bagwell asked Respondent whether he drank anything after the wreck; Respondent stated he had not. He then gave Respondent a field sobriety test which in his opinion Respondent failed. He arrested Respondent at 2:28 a.m. on November 25, 1991. Following his arrest, Respondent was given a breathalyzer test which registered .14%.

## ISSUES

I.  Did Respondent's statements to police constitute a confession?

II.  Did the State's evidence establish the *corpus delicti?*

## DISCUSSION

■  It is well-settled law that a conviction cannot be had on the extra-judicial confessions of a defendant unless they are corroborated by proof *aliunde*[3] of the *corpus delicti*.[4] *State v. Williams*, 321 S.C. 381, 468 S.E.2d 656 (1996).[5] *See also State v. Brown*, 103 S.C. 437, 442, 88 S.E. 21, 22 (1916) ("Before a defendant can be required to go into his defense, it is necessary that there shall be some proof of the corpus delicti"). Before the Court of Appeals, the State argued Respondent's statements did not amount to a confession and thus this rule was inapplicable. The State further argued that even if the corroboration rule applied, there was sufficient evidence *aliunde* Respondent's statements to establish the *corpus delicti*. The Court of Appeals rejected both arguments.

### I.  Respondent's Statements

■  The State argues the Court of Appeals erred in finding Respondent's statements to police amounted to a confession. We agree.

---

3. "From another source."  Black's Law Dictionary 73 (6th ed.1990).

4. "The body of a crime."  Black's Law Dictionary 344 (6th ed.1990). *See also State v. Teal*, 225 S.C. 472, 474, 82 S.E.2d 787, 788 (1954) ("[G]enerally speaking, the term *"corpus delicti"* means, when applied to any particular offense, that the specific crime has actually been committed").

5. This rule of law will be referred to in this opinion as the "corroboration rule."

The legal definition of "confession" is "restricted to acknowledgment of guilt and does not apply to mere statement[s] of fact from which guilt may be inferred." *State v. Cunningham,* 275 S.C. 189, 192, 268 S.E.2d 289, 291 (1980) (*quoting State v. Miller,* 211 S.C. 306, 45 S.E.2d 23 (1947)). *See also* 29A Am.Jur.2d *Evidence* § 709 (1994) (although every confession is an admission, not every admission is a confession). Respondent told police (1) his car was stolen, (2) he wrecked his car (retracting the stolen car claim), and (3) he did not have anything to drink after the wreck.[6] Section 56-5-2930 defines the crime of DUI: "It is unlawful for ... any person who is under the influence of intoxicating liquors ... or any other substance of like character ... to drive any vehicle within this State." *See also State v. Sheppard,* 248 S.C. 464, 465, 150 S.E.2d 916, 917 (1966) ("The act of operating a motor vehicle with impaired faculties is the gravamen of the offense [of DUI]").

We find Respondent's statements do not constitute an acknowledgment of guilt of DUI. They do not even acknowledge Respondent ever drank at all, much less that he was under the influence of alcohol. Rather, these statements are more in the nature of admissions. *See, e.g., State v. Morgan,* 282 S.C. 409, 410–11, 319 S.E.2d 335, 336 (1984) (in reviewing DUI conviction, statements to police that defendant had been using alcohol and drugs, and was driver of car before it wrecked, did not amount to a confession of guilt; court specifically noted

---

6. The Court of Appeals stated Respondent also told police he drank before the accident, and it relied on this additional alleged statement in finding a confession. *Osborne,* 321 S.C. at 199, 467 S.E.2d at 456. There is no evidence in the magistrate's return that Respondent made this statement. In its recitation of facts, the circuit court order refers to a statement Respondent made about drinking before the wreck. This order is most likely the factual source used by the Court of Appeals. *See id.* at 198 n. 1, 467 S.E.2d at 455 n. 1. We find it was error for the Court of Appeals to rely on the recitation of facts contained in an appellate order instead of restricting itself to the facts contained in the magistrate's return. *See State v. Barbee,* 280 S.C. 328, 313 S.E.2d 297 (1984) (magistrate's return is official record of trial proceedings); *State v. Adler,* 278 S.C. 66, 292 S.E.2d 185 (1982) (circuit court only has appellate jurisdiction over judgment from magistrate's court).

that defendant "did not say that he was under the influence")[7]; *Cunningham*, 275 S.C. at 189, 268 S.E.2d at 289 (defendant's statement she was the driver of car at time of wreck did not constitute a confession to reckless homicide because the defendant never stated she was driving recklessly). Therefore, the Court of Appeals incorrectly ruled Respondent's statements constituted a confession.

The State argued to the Court of Appeals, and now argues here, that if Respondent's statements are not viewed as a confession, the corroboration rule does not apply.[8] We

7. The Court of Appeals found *Morgan* inapplicable because that case affirmed the *corpus delicti* issue on procedural grounds: "As pointed out above, the statements of the Defendant *did not amount to a confession* but assuming without so deciding that a confession was involved which normally would require the proof of the *corpus delicti* before admission, no objection to the evidence on this basis was interposed." 282 S.C. at 412, 319 S.E.2d at 337 (emphasis supplied). The issue *Morgan* refused to address was not whether the statements amounted to a confession, but whether there was proof *aliunde* of the *corpus delicti*. These are two separate legal issues. *Morgan* is almost directly on point regarding the confession issue.

8. Our review of South Carolina precedent has not revealed a case where this issue was squarely addressed. Although the State argues otherwise, it is not at all clear we have strictly limited the corroboration rule to confessions. Most cases contain no discussion of whether the defendant's statements constituted a confession before applying the rule. *See, e.g., State v. Owens*, 293 S.C. 161, 359 S.E.2d 275 (1987); *In the Matter of Perkins*, 276 S.C. 378, 379, 278 S.E.2d 781, 782 (1981) (applying rule to minor's "inculpatory statements"); *State v. Speights*, 263 S.C. 127, 208 S.E.2d 43 (1974); *State v. Watts*, 249 S.C. 80, 152 S.E.2d 684 (1967); *State v. White*, 311 S.C. 289, 296, 428 S.E.2d 740, 741 (Ct.App.1993) (applying rule to "inculpatory statements" in felony DUI case where defendant told police he was driving car, and had been drinking). In some, the rule has been applied where it is questionable whether confessions were involved. *See, e.g., Williams*, 321 S.C. at 381, 468 S.E.2d at 656; *Brown*, 103 S.C. at 443, 88 S.E. at 23 (applying rule to "statements of the accused [made before crime was committed] showing enmity [toward the victim]"); *State v. Townsend*, 321 S.C. 55, 467 S.E.2d 138 (Ct.App.1996) (applying rule in DUI case where defendant told police he was run off road by another driver and drank some alcohol he had in the car because he was upset about the car wrecking); *White*, 311 S.C. 289, 428 S.E.2d 740. *But see State v. Epes*, 209 S.C. 246, 39 S.E.2d 769 (1946) (using defendant's inculpatory statements to prove *corpus delicti;* finding the statements were not confessions); *State v. Edwards*, 173 S.C. 161, 175 S.E. 277 (1934) (seeming to draw distinction between statements constituting a confession and those not, stating because there was no confession of guilt in the case there was

disagree, finding the corroboration rule should apply whether a statement amounts to a confession or merely constitutes an admission.

We think that an accused's admissions of essential facts or elements of the crime, subsequent to the crime, are of the same character as confessions and that corroboration should be required.

The need for corroboration extends beyond complete and conscious admission of guilt—a strict confession. Facts admitted that are immaterial as to guilt or innocence need no discussion. But statements of the accused out of court that show essential elements of the crime . . . stand differently. Such admissions have the same possibilities for error as confessions. They, too, must be corroborated.

*Opper v. United States,* 348 U.S. 84, 90, 75 S.Ct. 158, 163, 99 L.Ed. 101, 107 (1954) (internal citations omitted). *See also State v. Trexler,* 316 N.C. 528, 342 S.E.2d 878, 880 (1986) ("[R]egardless of whether defendant's statements constitute an actual confession or only amount to an admission, our long established rule of *corpus delicti* requires that there be corroborative evidence, independent of the statements, before defendant may be found guilty of the crime"); 29A Am.Jur.2d at § 753; E.H. Schopler, Annotation, *Corroboration of Extrajudicial Confession or Admission,* 45 A.L.R.2d 1316, 1323 (1956).

## II. Proof Aliunde of Corpus Delicti

The State argues the Court of Appeals erred in finding it failed to provide sufficient independent evidence of the *corpus delicti* to support Respondent's conviction. We agree.

■ In *Opper v. United States,* the Supreme Court considered "the extent of the corroboration of admissions necessary as a matter of law for a judgment of conviction", concluding:

no violation of the [corroboration rule] ). The closest we have come to an analysis of whether the corroboration rule applied to statements not amounting to confessions was in *State v. Morgan* (discussed *supra* in text and footnote 7). The language quoted in footnote 7 could be read as implying that unless a confession is involved, the rule is inapplicable. However, because that was not the issue ruled on, and because the entire *corpus delicti* issue was affirmed on a procedural ground, a better interpretation of *Morgan* would be that it does not speak to this issue one way or the other.

To the extent any of these cases suggest the corroboration rule only applies to actual confessions, they are hereby overruled.

[T]he corroborative evidence need not be sufficient, independent of the statements, to establish the *corpus delicti.* It is necessary, therefore, to require the Government to introduce substantial independent evidence which would tend to establish the trustworthiness of the statement. Thus, the independent evidence serves a dual function. It tends to make the admission reliable, thus corroborating it while also establishing independently the other necessary elements of the offense. It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth. Those facts plus the other evidence besides the admission must, of course, be sufficient to find guilt beyond a reasonable doubt.

348 U.S. at 93, 75 S.Ct. at 164, 99 L.Ed. at 108–09.

This standard enunciated in *Opper* has been adopted in other jurisdictions, including our sister state of North Carolina. *See Trexler,* 342 S.E.2d at 880 ("The *corpus delicti* rule only requires *evidence aliunde* the confession which, when considered with the confession, supports the confession and permits a reasonable inference that the crime occurred. The independent evidence must touch or be concerned with the *corpus delicti.*" However, "[t]he rule does not require that the *evidence aliunde* the confession prove any element of the crime.").[9] We clarify the law in this State that, consistently

---

9. *Cf. Stephens v. State,* 127 Ga.App. 416, 193 S.E.2d 870, 873 (1972) ("A confession alone, uncorroborated by other evidence, will not justify a conviction, but a confession which is corroborated may be considered along with other evidence to justify the conviction even if it be necessary in establishing the corpus delicti"); *People v. Rhoden,* 253 Ill. App.3d 805, 192 Ill.Dec. 785, 625 N.E.2d 940, 945 (1993) ("There must be some independent or corroborating evidence outside the confession which tends to establish that a crime occurred. If such evidence tends to prove that the offense occurred and corroborates a defendant's confession, it may be considered, together with the confession, to establish the *corpus delicti* of the offense."); *State v. Cardwell,* 90 Kan. 606, 135 P. 597, 598 (1913) ("That a bald confession of one that he has committed a certain crime, without other evidence or circumstances to corroborate the confession, will sustain a conviction is, we believe, nowhere contended. But it seems to be the general rule ... that any pertinent fact in a criminal case, including the corpus delicti, may be established by evidence of admissions of guilt by the accused, supported by circumstantial evidence tending to corroborate the admissions"); *Davis v. State,* 202 Md. 463, 97 A.2d 303 (1953); *Kansas City v. Verstraete,* 481 S.W.2d 615, 617 (Mo.Ct.App.1972) ("If there is evidence

with *Opper* and its progeny, the corroboration rule is satisfied if the State provides sufficient independent evidence which serves to corroborate the defendant's extra-judicial statements and, together with such statements, permits a reasonable belief that the crime occurred. *Cf. Williams*, 321 S.C. at 385 n. 2, 468 S.E.2d at 658 n. 2 (emphasizing that "[p]roof of corpus delicti is not a prerequisite to the admission of an extra-judicial confession of a defendant.").

■ Applying this rule to the facts at hand, we find the State provided sufficient independent evidence to support the trustworthiness of Respondent's statements to police. We further find this independent evidence, taken together with the statements, allowed a reasonable inference that the crime of driving under the influence was committed. "The *corpus delicti* of DUI is: (1) driving a vehicle; (2) within this State; (3) while under the influence of intoxicating liquors, drugs, or any other substance of like character." *Townsend*, 321 S.C. at 58, 467 S.E.2d at 140. *See also Sheppard*, 248 S.C. at 466, 150 S.E.2d at 917 (act of operating motor vehicle while impaired gravamen of offense). Proof of the *corpus delicti* does not have to be in the form of direct evidence; it may be established by circumstantial evidence when it is the best evidence obtainable. *Brown v. State*, 307 S.C. 465, 415 S.E.2d 811 (1992). If there is any evidence tending to establish the *corpus delicti*, then it is the trial court's duty to pass that question on to the jury. *Williams*, 321 S.C. at 385, 468 S.E.2d at 658. "We are not here to determine the sufficiency of the evidence to justify the jury's verdict ... but we are concerned only with the question as to the sufficiency of that evidence to require the trial Judge to submit the issue ... to the jury." *State v. Blocker*, 205 S.C. 303, 307, 31 S.E.2d 908, 910 (1944) (quoting *Edwards*, 173 S.C. at 165, 175 S.E. at 278). The

of corroborating circumstances, independent of the confession, which tends to prove the offense by confirming matters related in the confession, both the corroborating circumstances and the confession may be considered in determining whether or not the corpus delicti has been established"); *State v. George*, 109 N.H. 531, 257 A.2d 19 (1969); *Holt v. State*, 17 Wis.2d 468, 117 N.W.2d 626 (1962) (requiring some corroboration of any significant fact of the crime in order to produce confidence in the truth of the confession; all elements of crime do not need to be proved independently). *See also* 29A Am.Jur.2d at § 753.

decision of the Court of Appeals is hereby reversed and Respondent's conviction is reinstated.

**REVERSED.**

TOAL, MOORE, and BURNETT, JJ., concur.

FINNEY, C.J., dissenting in separate opinion.

FINNEY, Chief Justice:

I respectfully dissent from that part of the majority's opinion which finds "sufficient independent evidence to support the trustworthiness of Respondent's statements to police." The independent evidence showed only:

(1) Respondent's car was involved in an accident;

(2) Respondent registered .14% on a breathalyzer test administered more than three hours after the car ran off the road; and

(3) Respondent retracted his original claim that the car had been stolen.

The absence of any corroborating evidence that the car was being operated at the time of the accident by a person with impaired faculties means the State failed to prove the corpus delicti of driving under the influence. In my opinion, the mere fact that a car is involved in an accident is simply insufficient to show that the operator was impaired. *Cf. In the Matter of Stacy Ray A.*, 303 S.C. 291, 400 S.E.2d 141 (1991) *overruled in part on other grounds State v. Rowell*, 326 S.C. 313, 487 S.E.2d 185 (1997) (fact that fatal collision occurred insufficient to show reckless homicide).

I would affirm the decision of the Court of Appeals.