THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Lisa Christian Braswell,       
Appellant.
 
 
 

Appeal From Abbeville County
Joseph J. Watson , Circuit Court Judge

Unpublished Opinion No. 2003-UP-256
Heard December 10, 2002  Filed April 8, 2003 

AFFIRMED

 
 
 
Sally G. Calhoun, of Beaufort, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General W. Rutledge Martin, of Columbia;  and Solicitor William 
 Townes Jones, of Greenwood; for Respondent.
 
 
 

PER CURIAM:  Lisa Christian Braswell was 
 convicted of felony driving under the influence and was sentenced to twelve 
 years imprisonment and a $10,000 fine.  Braswell appeals.
We affirm pursuant to Rule 220(b)(1), 
 SCACR, and the following authorities:  Issue 1:  State v. Burdette, 335 
 S.C. 34, 46, 515 S.E.2d 525, 531 (1999) (holding that on appeal from the denial 
 of a directed verdict, an appellate court must view the evidence in the light 
 most favorable to the State); State v. Pinckney, 339 S.C. 346, 349, 529 
 S.E.2d 526, 527 (2000) (holding that if there is any direct evidence or substantial 
 circumstantial evidence reasonably tending to prove the guilt of the accused, 
 we must find the case was properly submitted to the jury); Issue 2:  State 
 v. Osborne, 335 S.C. 172, 175, 516 S.E.2d 201, 202 (1999) ([i]t is well-settled 
 law that a conviction cannot be had on the extra-judicial confessions of a defendant 
 unless they are corroborated by proof aliunde of the corpus delicti); 
 Id. at 180, 516 S.E.2d at 205 (the corroboration rule is satisfied if 
 the State provides sufficient independent evidence which serves to corroborate 
 the defendants extra-judicial statements and, together with such statements, 
 permits a reasonable belief that the crime occurred); Issues 3 and 5:  State 
 v. Benton, 338 S.C. 151, 157, 526 S.E.2d 228, 231 (2000) (finding an issue 
 is not preserved if party argues one ground for objection at trial and a different 
 ground on appeal); and Issue 4 :  State v. Nichols, 325 S.C. 111, 120-21, 
 481 S.E.2d 118, 123 (1997) (holding that an issue may not be raised for first 
 time on appeal, but must have been raised to trial judge to be preserved for 
 appellate review).
AFFIRMED.
GOOLSBY, HUFF, and SHULER, JJ., concur.