THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Andrea Person, Appellant.
 
 
 

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2012-UP-068
 Submitted January 3, 2012  Filed February
8, 2012    

AFFIRMED

 
 
 
 Appellate Defender LaNelle Cantey DuRant,
 of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, Assistant Attorney General Mark R. Farthing, and Solicitor Daniel E.
 Johnson, all of Columbia, for Respondent.
 
 
 

PER CURIAM: Andrea
 Person appeals her conviction for homicide by child abuse, arguing the trial
 court erred in denying her (1) motion for a directed verdict and (2) motion for
 a mistrial following an officer's testimony about additional contact with
 Person.  We affirm.[1]
1.  We hold
 the trial court properly denied Person's motion for a directed verdict.  
"When ruling on a motion
 for a directed verdict, the trial court is concerned with the existence or
 nonexistence of evidence, not its weight."  State v. Weston, 367
 S.C. 279, 292, 625 S.E.2d 641, 648 (2006).  "When reviewing a denial of a
 directed verdict, [an appellate court] views the evidence and all reasonable
 inferences in the light most favorable to the [S]tate."  Id. 
 "A person is guilty of homicide by child abuse if the person . . . causes
 the death of a child under the age of eleven while committing child abuse or
 neglect, and the death occurs under circumstances manifesting an extreme indifference
 to the human life." S.C. Code Ann. 16-3-85(A)(1) (2003).  When applied to
 a particular offense, corpus delicti means that the specific crime has
 actually been committed.  State v. Dodd, 354 S.C. 13, 17, 579 S.E.2d
 331, 333 (Ct. App. 2003).  "[A] conviction cannot be had on the
 extra-judicial confessions of a defendant unless they are corroborated by proof aliunde of the corpus
 delicti."  State v. Osborne, 335 S.C. 172, 175, 516 S.E.2d 201,
 202 (1999) (footnotes omitted).  
Sufficient independent
 evidence corroborated Person's statement that the twelve-and-a-half-month-old
 boy (Victim) in her care died as a result of her actions.  See id. at 180, 516 S.E.2d at 205 ("[T]he corroboration rule is satisfied if the
 State provides sufficient independent evidence which serves to corroborate the
 defendant's extra-judicial statements and, together with such statements,
 permits a reasonable belief that the crime occurred.").  The evidence
 established Victim was in Person's sole custody at the time of his death.  Victim's
 mother testified Victim did not exhibit any signs of illness at the time she
 dropped Victim off at Person's house.  Expert witnesses affirmed Victim died
 within an interval of time too short for the pneumonia found in his lungs to
 have been the cause of his death.  The expert witnesses contended the minimal
 or small amount of pneumonia found in Victim's lungs was insufficient to cause
 death, with an additional consideration being the lack of pneumonia symptoms. 
 Physical evidence found at the time of Victim's autopsy was consistent with a
 cause of death of asphyxia by suffocation.  Viewing the evidence and all
 reasonable inferences in the light most favorable to the State, sufficient
 evidence proved Victim did not die a natural death.  See State v.
 Saltz, 346 S.C. 114, 138, 551 S.E.2d 240, 253 (2001) (holding the trial
 court properly denied Saltz's motion for a directed verdict when circumstantial
 evidence existed to prove the victim did not die a natural death,
 notwithstanding Saltz's argument that the facts were equally consistent with
 death by accident or sudden illness).  Therefore, the trial court properly
 submitted the case to the jury.  See Osborne, 335 S.C. at 180,
 516 S.E.2d at 205 ("If there is any evidence tending to establish the corpus
 delicti, then it is the trial court's duty to pass that question on to the
 jury.").
2. We hold the trial court properly denied Person's motion for a
 mistrial because the officer's testimony was not prejudicial to Person.  "The
 decision to grant or deny a mistrial is within the sound discretion of the
 trial court. The trial court's decision will not be overturned on appeal absent
 an abuse of discretion amounting to an error of law."  State v. Wilson,
 389 S.C. 579, 585, 698 S.E.2d 862, 865 (Ct. App. 2010) (citation and internal
 quotation marks omitted).  "A mistrial should only be granted when
 absolutely necessary, and a defendant must show both error and
 prejudice in order to be entitled to a mistrial."  Id. at 585-86,
 698 S.E.2d at 865.  "The power of the trial court to declare a mistrial
 should be used with the greatest caution under urgent circumstances and for
 very plain and obvious reasons stated on the record by the trial court."  State
 v. Wiley, 387 S.C. 490, 495, 692 S.E.2d 560, 563 (Ct. App. 2010).
The officer confirmed he had
 further contact with Person on the day she gave the written statement but not
 for any matter concerning Victim's death.  The State did not introduce any
 evidence regarding the reason for the additional contact, and no bad acts or
 other charges were referenced during the trial.  Even if the jury inferred she
 committed another bad act from the officer's statement, Person was not
 prejudiced because the State never attempted to prove she committed another bad
 act.  See Wiley, 387 S.C. at 496, 692 S.E.2d at 563 (finding not
 prejudicial the State's mention of Wiley's unrelated outstanding warrant during
 opening statements, "even if the jury inferred
 that Wiley committed another crime . . . because the State never attempted to
 prove Wiley was convicted of some other crime").  Therefore, the
 trial court did not abuse its discretion in denying Person's motion for a
 mistrial.
AFFIRMED.
HUFF, PIEPER, and LOCKEMY,
 JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.