**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Interest of Brandon M.,

a Minor Under the Age of Seventeen, Appellant.

Appellate Case No. 2011-197788

———————————

Appeal From Richland County
W. Thomas Sprott, Jr., Family Court Judge

———————————

Unpublished Opinion No. 2013-UP-323
Heard June 11, 2013 – Filed July 17, 2013

———————————

**REVERSED**

———————————

Chief Appellate Defender Robert M. Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Deputy Attorney General David A. Spencer, and Solicitor Daniel E. Johnson, all of Columbia, for Respondent.

———————————

**PER CURIAM:** In this appeal, Brandon M. (Brandon) argues the family court erred in denying his directed verdict motion because there was insufficient evidence to prove Brandon possessed the requisite intent to support his

adjudication for willfully burning the land of another.  We reverse pursuant to Rule 220(b), SCACR, and the following authorities:

1.      Regarding Brandon's directed verdict motion: Rule 2(b), SCRFC (declining to apply any rules concerning directed verdict motions to juvenile actions).

2.      As to the sufficiency of evidence supporting Brandon's guilt:  S.C. Code Ann. § 16-11-170 (2003) ("It is unlawful for a person to *wilfully and maliciously* set fire to or burn any grass, brush, or other combustible matter, causing any woods, fields, fences, or marshes of another person to be set on fire . . . ." (emphasis added)); *State v. Bostick*, 392 S.C. 134, 142, 708 S.E.2d 774, 778 (2011) (stating an acquittal is warranted "when the evidence presented merely raises a suspicion of guilt"); *State v. Williams*, 321 S.C.381, 384, 468 S.E.2d 656, 658 (1996) ("'[T]he corpus delicti includes not only the fact of burning, but it must also appear that the burning was by the willful act of some person, and not as the result of a natural or accidental cause . . . .'" (quoting *State v. Blocker*, 205 S.C. 303, 306, 31 S.E.2d 908, 909 (1944)); *State v. Jefferies*, 316 S.C. 13, 18, 446 S.E.2d 427, 430 (1994) (indicating the mens rea required for a particular crime can be categorized "into a hierarchy of culpable states of mind in descending order of culpability, as purpose, knowledge, recklessness, and negligence").

**REVERSED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**