**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Carrie Callaham, Appellant.

Appellate Case No. 2012-212210

Appeal From Lexington County
George C. James, Jr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-035
Submitted October 1, 2013 – Filed January 29, 2014

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia, for Respondent.

**PER CURIAM:** Carrie Callaham appeals her convictions of first-degree burglary and armed robbery, arguing the trial court erred in denying her motion for a directed verdict on the grounds that the State failed to present sufficient evidence

to establish guilt under a theory of accomplice liability and that the State failed present sufficient independent evidence of the *corpus delicti* to corroborate her statement. We affirm.

1. We hold the trial court properly submitted the case to jury because the State presented sufficient evidence of guilt under a theory of accomplice liability. "When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight." *State v. Brannon*, 379 S.C. 487, 494, 666 S.E.2d 272, 275 (Ct. App. 2008), (*aff'd in result*, 388 S.C. 498, 697 S.E.2d 593 (2010). "If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, we must find the case was properly submitted to the jury." *Id.* "When reviewing a denial of a directed verdict, an appellate court views evidence and all reasonable inferences in the light most favorable to the State." *Id.*

"Under the 'hand of one is the hand of all' theory, one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose." *State v. Condrey*, 349 S.C. 184, 194, 562 S.E.2d 320, 324 (Ct. App. 2002). "Under an accomplice liability theory, a person must personally commit the crime or be present at the scene of the crime and intentionally, or through a common design, aid, abet, or assist in the commission of that crime through some overt act." *Id.* at 194, 562 S.E.2d at 325 (internal quotation marks omitted). "In order to establish the parties agreed to achieve an illegal purpose, thereby establishing presence by pre-arrangement, the State need not prove a formal expressed agreement, but rather can prove the same by circumstantial evidence and the conduct of the parties." *State v. Gibson*, 390 S.C. 347, 354, 701 S.E.2d 766, 770 (Ct. App. 2010). Testimony from the various witnesses gave rise to the inference that Callaham acted as a lookout and getaway driver.

2. We hold the trial court properly submitted the case to the jury because the State presented sufficient independent evidence of the *corpus delicti* to corroborate Callaham's statement. "[A] conviction cannot be based on extra-judicial confessions of a defendant unless they are corroborated by proof *aliunde* of the *corpus delicti*." *State v. Osborne*, 335 S.C. 172, 175, 516 S.E.2d 201, 202 (1999) (footnote omitted). "[T]he corroboration rule is satisfied if the State provides sufficient independent evidence which serves to corroborate the defendant's extra-judicial statements and, together with such statements, permits a reasonable belief that the crime occurred." *Id.* at 180, 516 S.E.2d at 205. Direct evidence is not necessary to prove the *corpus delicti*. *Id.* Rather, proof of the *corpus delicti* can be

established by circumstantial evidence, when it is the best evidence obtainable. *Id.* If any evidence establishes the *corpus delicti*, the trial court must submit that question to the jury. *Id.* Testimony from witnesses gave rise to the inference that Callaham acted as a lookout and getaway driver while armed men forced their way into a couple's home with the intent to rob them, threated to kill the couple's one-and-half year old son, and attempted to escape with money and a gold chain. Accordingly, the State submitted evidence, independent of Callaham's statement, to show a crime had been committed.

**AFFIRMED.**[1]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.