**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Desmond Green, Appellant.

Appellate Case No. 2015-000726

———————————

Appeal From Beaufort County
George C. James, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-341
Heard June 21, 2017 – Filed August 9, 2017

———————————

**AFFIRMED**

———————————

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

———————————

**PER CURIAM:** In this criminal case, Desmond Green appeals his conviction for criminal domestic violence, third offense, for which he was sentenced to four years' imprisonment. Green argues the trial court erred in admitting recordings that

violated his rights under the Confrontation Clause. Green also argues the trial court improperly admitted recordings that were hearsay and irrelevant. Finally, Green asserts the trial court erred by failing to grant his motion for directed verdict. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to the first issue: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id*. ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); U.S. Const. amend. VI. ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."); *Crawford v. Washington*, 541 U.S. 36, 42 (2004) ("[T]his bedrock procedural guarantee applies to both federal and state prosecutions."); *Davis v. Washington*, 547 U.S. 813, 821 (2006) (holding the Sixth Amendment bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination" (quoting *Crawford*, 541 U.S. at 53-54)); *id*. at 822 (holding statements made to police "are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency"); *id*. (holding statements are "testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution")  *id*. at 827 ("A 911 call, on the other hand, and at least the initial interrogation conducted in connection with a 911 call, is ordinarily not designed primarily to 'establis[h] or prov[e]' some past fact, but to describe current circumstances requiring police assistance."); *State v. Hendricks*, 408 S.C. 525, 533, 759 S.E.2d 434, 438 (Ct. App. 2014) (stating in order to qualify as a present sense impression, the statement must satisfy a three part test: "(1) the statement must describe or explain an event or condition; (2) the statement must be contemporaneous with the event; and (3) the declarant must have personally perceived the event").

2.     As to the second issue: *State v. Smith*, 337 S.C. 27, 32, 522 S.E.2d 598, 600 (1999) ("Generally, a motion in limine seeks a pretrial evidentiary ruling to prevent the disclosure of potentially prejudicial matter to the jury. A pretrial ruling on the admissibility of evidence is preliminary and is subject to change based on developments at trial. A ruling in limine is not final; unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review."); *State v. Washington*, 379 S.C. 120, 124, 665 S.E.2d 602,

604 (2008) (holding in order for a statement to satisfy the excited utterance exception to hearsay, "(1) the statement must relate to a startling event or condition; (2) the statement must have been made while the declarant was under the stress of excitement; and (3) the stress of excitement must be caused by the startling event or condition"); *id*. ("A court must consider the totality of the circumstances when determining whether a statement is admissible under the excited utterance exception, and the determination is generally left to the sound discretion of the trial court.").

3.      As to the third issue: *State v. Bennett*, 415 S.C. 232, 235, 718 S.E.2d 352, 353 (2016) ("On appeal from the denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the State." (quoting *State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d 457, 460 (2014))); *id*. ("The [c]ourt's review is limited to considering the existence or nonexistence of evidence, not its weight."); *Butler*, 407 S.C. at 381, 755 S.E.2d at 460 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [c]ourt must find the case was properly submitted to the jury." (quoting State v. Weston, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006))); *State v. Osborne*, 335 S.C. 172, 175, 516 S.E.2d 201, 202 (1999) ("It is well-settled law that a conviction cannot be had on the extra-judicial confessions of a defendant unless they are corroborated by proof *aliunde* of the *corpus delicti*."); *id*. at 180, 516 S.E.2d at 205 ("[T]he corroboration rule is satisfied if the State provides sufficient independent evidence which serves to corroborate the defendant's extra-judicial statements and, together with such statements, permits a reasonable belief that the crime occurred."); *id*. ("If there is any evidence tending to establish the *corpus delicti,* then it is the trial court's duty to pass that question on to the jury.").

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**