546 S.E.2d 202

**The STATE, Respondent,**

v.

**Isaac Randall RUSSELL, Appellant.**

**No. 3340.**

Court of Appeals of South Carolina.

Heard April 4, 2001.

Decided April 30, 2001.

Richard G. D'Agostino, of Roberts & D'Agostino, of York, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney

General Robert E. Bogan, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Thomas E. Pope, of York, for respondent.

HOWARD, Judge:

Isaac Randall Russell appeals his conviction for Driving Under the Influence of alcohol (DUI) in violation of S.C.Code Ann. § 56–5–2930 (Supp.2000), arguing the trial court erred in failing to direct a verdict of acquittal and in admitting his extra-judicial statements without sufficient corroboration. We affirm.

## FACTS

On the night of December 12, 1998, Russell consumed alcoholic beverages while celebrating his birthday at a friend's house. Russell and two other people left the party in his car, although Russell claims he was riding in the back seat. Around 2:30 a.m. the following morning, Russell and his companions arrived at the home of a friend. They left after the friend's wife, Vicky Puckett, explained he was not at home.

The State presented evidence of the following additional facts: At approximately 7:15 a.m., Randy Dean Parker was driving to work and observed Russell's car in a ditch on the side of the road. Parker, who was a corrections officer, stopped to offer assistance. Russell jumped out of the back seat. Parker did not see anyone else at the scene. According to Parker, Russell at first told him he had been driving but later denied driving the vehicle.

State Trooper Oliver Millhouse arrived at the scene at 7:50 a.m. Russell responded to Trooper Millhouse's questions by again stating he had been driving the car at the time of the accident. Millhouse observed that Russell appeared to be drunk and placed him under arrest. Millhouse searched Russell and found the ignition key in Russell's jacket pocket. After being advised of his rights, Russell changed his story again, telling Millhouse he had not been driving the car.

Russell was given a Breathalyzer test by State Trooper Timothy Yarborough, and he registered a .25 percent blood alcohol level. Russell also made the same conflicting statements to Yarborough.

132

## DISCUSSION

Russell first argues he was entitled to a directed verdict because the State failed to establish the *corpus delicti* of DUI independent of his statements to police.

■ The State argues this issue is not preserved because Russell failed to assert this as a ground for directed verdict at the close of the State's case. "[I]ssues not raised to the trial court in support of the directed verdict motion are not preserved for appellate review." *State v. Kennerly*, 331 S.C. 442, 455, 503 S.E.2d 214, 221 (Ct.App.1998), *aff'd on other grounds*, 337 S.C. 617, 524 S.E.2d 837 (1999).

■ Although Russell did not use the exact words *"corpus delicti"* in his request for a directed verdict, it is clear from the argument presented in the record that the motion was made on this ground. The State, in opposing the motion, used the words *"corpus delicti"* and cited the relevant case law. Therefore, we find the argument was raised to the trial court and is preserved.

■ However, there is no merit to Russell's contention. "It is well-settled law that a conviction cannot be had on the extrajudicial confessions of a defendant unless they are corroborated by proof *aliunde* of the *corpus delicti.*" *State v. Osborne*, 335 S.C. 172, 175, 516 S.E.2d 201, 202 (1999) (footnote omitted). The corroboration rule applies to statements whether those statements are confessions or admissions. *Id.* at 177–78, 516 S.E.2d at 203–04. "[T]he corroboration rule is satisfied if the State provides sufficient independent evidence which serves to corroborate the defendant's extrajudicial statements and, together with such statements, permits a reasonable belief that the crime occurred." *Id.* at 180, 516 S.E.2d at 205. Corroboration requires "substantial independent evidence," which is sufficient "if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth." *Id.* at 179, 516 S.E.2d at 204 (quoting *Opper v. United States*, 348 U.S. 84, 93, 75 S.Ct. 158, 99 L.Ed. 101 (1954)).

■ If the statement is independently corroborated, then the combination of the statement and the State's remaining evidence may be considered by the trial court to determine if

there is any evidence tending to establish the *corpus delicti. Id.* at 180, 516 S.E.2d at 205. For this reason, we focus on Russell's second argument, which is that the State failed to present sufficient independent evidence to corroborate the essential fact contained within Russell's often repeated statement; that is, that Russell was driving the car.

■ We conclude the independent evidence presented by the State supported the trustworthiness of Russell's statements. The following independent facts were established, taking the evidence in a light most favorable to the State. First, the car belonged to Russell. Second, at the time Parker and Millhouse arrived, Russell was the only occupant present at the scene. Third, the keys to the car were in Russell's pocket. Fourth, the hood of the car was still warm. These facts, taken together, provide a foundation independent of Russell's statements to justify a jury inference that Russell was driving the car. Consequently, Russell's statements to this effect were sufficiently corroborated to allow their admission. *See id.* at 180, 516 S.E.2d at 205.

■ Russell next asserts that his extra-judicial statements should not have been admitted because, under the circumstances, they were inherently untrustworthy. The State asserts this argument is not preserved. We agree.

Russell argues that the trustworthiness of confessions or admissions must be examined before the statements are admitted into evidence. He contends his statements were not trustworthy or reliable because he was highly intoxicated at the time they were made. Russell cites *State v. Saxon,* for the proposition that, if an "accused's intoxication was such that he did not realize what he was saying," a confession may be inadmissible as a matter of law because it was involuntary. 261 S.C. 523, 529, 201 S.E.2d 114, 117 (1973).

■ However, this issue was not raised to the trial judge, nor was it ruled upon. Issues not raised to and ruled upon in the trial court will not be considered on appeal. *State v. Perez,* 334 S.C. 563, 565–66, 514 S.E.2d 754, 755 (1999). A party cannot argue one ground for an objection at trial and an alternative ground on appeal. *State v. Tucker,* 319 S.C. 425, 428, 462 S.E.2d 263, 265 (1995); *see also State v. Kerr,* 330

S.C. 132, 147, 498 S.E.2d 212, 219 (Ct.App.1998) (holding that because appellant never requested a ruling on the voluntariness of his statement, the issue was not preserved for appellate review).

At trial, Russell did not argue his statements were involuntary or untrustworthy because of his intoxication. Russell's objection on the record to the admission of the statements was that the *corpus delicti* of the crime of DUI had to be independently proved before his statements were admitted. Therefore, the objection did not preserve this assignment of error.

 Finally, we conclude the evidence presented by the State was sufficient to establish the *corpus delicti* of the crime, if believed. The *corpus delicti* of DUI based upon alcohol is: (1) driving a motor vehicle; (2) within this state; (3) while under the influence of alcohol to the extent that the person's faculties to drive are materially and appreciably impaired. *See* S.C.Code Ann. § 56–5–2930 (Supp.2000); *State v. Salisbury*, 343 S.C. 520, 541 S.E.2d 247 (2001); *see also Osborne*, 335 S.C. at 180, 516 S.E.2d at 205 (quoting *State v. Townsend*, 321 S.C. 55, 58, 467 S.E.2d 138, 140 (Ct.App.1996)). Russell admits that he was highly intoxicated from the time of the party through his arrest, such that his faculties were materially and appreciably impaired. We have already determined there was substantial independent evidence corroborating the fact that he was driving the car. The position and condition of the vehicle provides substantial circumstantial evidence that it was being operated in South Carolina. Therefore, the *corpus delicti* of the crime has been established. Furthermore, taking the evidence in a light most favorable to the State, a factual issue was presented as to Russell's guilt, precluding a directed verdict.[1]

**AFFIRMED.**

CONNOR and HUFF, JJ., concur.

---

1. In support of his arguments, Russell refers to testimony presented during his defense. Vicky Puckett stated that when Russell appeared at her house at 2:30 a.m. he was intoxicated in the back seat of his car and was not driving. A person who passed by the scene of the accident stated she saw someone other than Russell standing outside of Russell's car waving his arms for her to stop. However, the court's rulings on

the admissibility of Russell's statements and Russell's directed verdict motion were made before Russell's defense was presented and were, of course, limited to a consideration of the evidence presented in the State's case. In any event, contradictory evidence merely raises a factual issue for the jury to determine. It is well settled that in resolving a motion for directed verdict, the evidence must be taken in a light most favorable to the State. *State v. Pinckney,* 339 S.C. 346, 349, 529 S.E.2d 526, 527 (2000).