759 S.E.2d 440

**The STATE, Appellant,**

v.

**Nezar ABRAHAM, Respondent.**

**Appellate Case No. 2012–213136.**

**No. 5238.**

Court of Appeals of South Carolina.

Heard Jan. 6, 2014.

Decided June 11, 2014.

---

Attorney General Alan McCrory Wilson and Assistant Attorney General John Benjamin Aplin, both of Columbia, for Appellant.

Michael O. Hallman, of Greenville, and C. Austin McDaniel, of Anderson, both of Cole Law Firm, for Respondent.

THOMAS, J.

In this driving under the influence (DUI) case, the State appeals the circuit court's reversal of Nezar Abraham's conviction in magistrate court. The State contends it presented sufficient independent evidence corroborating Abraham's extra-judicial confession to establish a jury question as to Abraham's guilt. We reverse.

### FACTS/PROCEDURAL HISTORY

Shortly after midnight on July 7, 2011, Trooper Kevin Brown was called to the scene of a one-car accident in Oconee

County, S.C. The accident occurred in the Keowee Key neighborhood on South Flagship Drive, which passes by the local country club. Upon arriving at the scene, Brown noticed the presence of emergency vehicles and a vehicle wrecked into a tree. Brown would later testify the wrecked vehicle was a dark-colored, newer model vehicle with "front-end damage consistent with running into a tree." Brown testified he believed the vehicle's license plate was traced to a rental car company. According to Brown, Abraham was the only person present at the collision scene aside from emergency personnel. Abraham told Brown he was from Chicago and living with his brother. Abraham indicated he had left the country club, where he had been drinking wine, and was headed to his brother's house inside Keowee Key. He also admitted to driving the wrecked vehicle. Brown noted Abraham was unsteady on his feet, slurred his speech, and smelled strongly of alcohol. Brown administered three field sobriety tests. The horizontal gaze nystagmus test result could not be used due to Abraham's congenital eye condition; however, the other two tests showed signs of impairment. Brown subsequently arrested Abraham for DUI. After being transported to the police station, Abraham submitted to a breath test, which registered a .22 percent blood alcohol level.

Abraham was tried in magistrate court for DUI. The State called Brown as the only witness at trial. Abraham motioned for a directed verdict during and after the State's case, contending the State failed to present sufficient evidence corroborating Abraham's extra-judicial confession to establish the *corpus delicti* of DUI. These motions were denied, and a jury convicted Abraham. On appeal to the circuit court, the court reversed Abraham's conviction, ruling the evidence at trial was insufficient to establish the *corpus delicti* of DUI. This appeal followed.

## ISSUE ON APPEAL

Did the circuit court err in reversing Abraham's conviction because the evidence at trial was insufficient to establish the *corpus delicti* of DUI?

## STANDARD OF REVIEW

"When ruling on a motion for a directed verdict, the [circuit] court is concerned with the existence or nonexistence of

evidence, not its weight." *State v. Weston,* 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006). "A defendant is entitled to a directed verdict when the [S]tate fails to produce evidence of the offense charged." *Id.* "When reviewing a denial of a directed verdict, this Court views the evidence and all reasonable inferences in the light most favorable to the [S]tate." *Id.* " 'If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury.' " *State v. Bailey,* 368 S.C. 39, 45, 626 S.E.2d 898, 901 (Ct.App.2006) (quoting *State v. Lollis,* 343 S.C. 580, 584, 541 S.E.2d 254, 256 (2001)). "The appellate court's review in criminal cases is limited to correcting the order of the circuit court for errors of law." *State v. Branham,* 392 S.C. 225, 228, 708 S.E.2d 806, 808 (Ct.App.2011) (citing *City of Rock Hill v. Suchenski,* 374 S.C. 12, 15, 646 S.E.2d 879, 880 (2007)).

## LAW/ANALYSIS

 "It is well-settled law that a conviction cannot be had on the extra-judicial confessions of a defendant unless they are corroborated by proof *aliunde* of the *corpus delicti.*"[1] *State*

---

1. Given our supreme court's holding in *State v. Osborne,* we find our state's law is consistent with the "trustworthiness" approach delineated in *Opper v. United States,* 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954). *See Osborne,* 335 S.C. 172, 179–80, 516 S.E.2d 201, 204–05 (1999) ("We clarify the law in this State that, consistently with *Opper* and its progeny, the corroboration rule is satisfied if the State provides sufficient independent evidence which serves to corroborate the defendant's extra-judicial statements and, together with such statements, permits a reasonable belief that the crime occurred."); *see also Opper,* 348 U.S. at 93, 75 S.Ct. 158 ("[W]e think the better rule to be that the corroborative evidence need not be sufficient, independent of the statements, to establish the *corpus delicti.* It is necessary, therefore, to require the Government to introduce substantial independent evidence which would tend to establish the trustworthiness of the statement."). In *Osborne,* 335 S.C. at 179–80, 516 S.E.2d at 204–05, our supreme court cited *State v. Trexler,* [316 N.C. 528] 342 S.E.2d 878 (N.C.1986), in clarifying this state's law to be consistent with *"Opper* and its progeny." *See Osborne,* 335 S.C. at 179, 516 S.E.2d at 204 ("This standard enunciated in *Opper* has been adopted in other jurisdictions, including our sister state of North Carolina."). In *Trexler,* the Supreme Court of North Carolina held "[t]he *corpus delicti* rule only requires *evidence aliunde* the confession which, when considered with the confession, supports the confession and permits a reasonable inference that the crime occurred. The independent evidence must touch or be

*v. Osborne*, 335 S.C. 172, 175, 516 S.E.2d 201, 202 (1999) (footnote omitted). "[T]he corroboration rule is satisfied if the State provides sufficient independent evidence which serves to corroborate the defendant's extrajudicial statements and, together with such statements, permits a reasonable belief that the crime occurred." [2] *Id.* at 180, 516 S.E.2d at 205.

■ Subsection 56–5–2930(A) of the South Carolina Code (Supp.2013) [3] states, "It is unlawful for a person to drive a motor vehicle within this State while under the influence of alcohol to the extent that the person's faculties to drive a motor vehicle are materially and appreciably impaired...." In its order granting a reversal, the circuit court cited *State v. Townsend*, 321 S.C. 55, 467 S.E.2d 138 (Ct.App.1996), in support of reversing Abraham's conviction. However, the holding in *Townsend* weighs against such a reversal. *See id.* at 58, 467 S.E.2d at 140–41. In *Townsend*, this court held the following facts merited the submission of a DUI case to a jury:

In the case before us, the state relied on the following circumstances to prove its case. Townsend was at the scene where his car had been involved in a wreck. He smelled

concerned with the *corpus delicti.*" *Trexler,* 342 S.E.2d at 880–81 (internal citation omitted). The court held that "[t]he rule does not require that the *evidence aliunde* the confession prove any element of the crime." *Id.* at 880.

**2.** According to the Fourth Circuit, the United States Supreme Court in *Opper* rejected the *corpus delicti* rule and adopted the "trustworthiness approach." *See United States v. Abu Ali,* 528 F.3d 210, 235 (4th Cir.2008) (noting the Supreme Court in *Opper* "reject[ed] the *corpus delicti* rule and adopt[ed] the trustworthiness approach, which it found to be the 'better rule.'" (citing *Opper,* 348 U.S. at 93, 75 S.Ct. 158)). As our supreme court in *Osborne* clarified this state's law to be consistent with the rule outlined in *Opper,* we speculate that continued reference to the requirement that a defendant's extra-judicial statements must be corroborated by "proof *aliunde* of the *corpus delicti* " has caused confusion amongst the bench and bar. We anticipate that this confusion could be avoided by ceasing reference to "proof *aliunde* of the *corpus delicti* " and similar terms, and instead echoing the language in *Opper,* in that the State must "introduce substantial independent evidence which would tend to establish the trustworthiness of the statement." *Opper,* 348 U.S. at 93, 75 S.Ct. 158.

**3.** The code provision in effect at the time Abraham committed the offense in 2011 has not since been amended; thus, we cite to the current version of section 56–5–2930.

like alcohol, failed field sobriety tests, and appeared to be intoxicated. A breathalyzer test showed his blood alcohol level to be .21. This is enough evidence, albeit circumstantial evidence, to submit the case to the jury. Accordingly, the circuit court judge erred in reversing Townsend's conviction on this ground.

*Id.* (internal citations omitted). All of the above-listed facts of *Townsend* are present in this case. Abraham was found at the accident scene of a wrecked vehicle in the presence of emergency personnel. He smelled of alcohol, failed field sobriety tests, and appeared to be intoxicated. A breathalyzer test showed his blood alcohol level to be .22 percent. Trooper Brown noted the wrecked vehicle had "front-end damage consistent with running into a tree." Additionally, the wrecked vehicle was located in Keowee Key, Abraham's stated destination, on a road that passes by the local country club, where Abraham claimed to have previously been. Abraham also admitted to driving the wrecked vehicle. The State provided sufficient independent evidence to support the trustworthiness of Abraham's statements to the police. Furthermore, this independent evidence, taken together with the statements, allowed a reasonable inference that the crime of DUI was committed.

Therefore, we hold the magistrate court properly denied Abraham's motion for a directed verdict and submitted the case to the jury. *See Osborne,* 335 S.C. at 180, 516 S.E.2d at 205 (finding a DUI case was properly submitted to a jury when the State presented sufficient independent evidence supporting the trustworthiness of the defendant's statements and that evidence, taken together with the defendant's statements, allowed a reasonable inference that the crime of DUI was committed); *see also State v. White,* 311 S.C. 289, 296–97, 428 S.E.2d 740, 744 (Ct.App.1993) (holding that precise questions of whether the defendant drove the vehicle in question under the influence of alcohol or drugs were properly left to the jury as factfinders). Accordingly, the circuit court erred as a matter of law in reversing Abraham's conviction. The decision of the circuit court is hereby reversed and Abraham's conviction is reinstated.

**REVERSED.**

SHORT and WILLIAMS, JJ., concur.