**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

William Donald Bolt, Appellant.

Appellate Case No. 2013-002164

———————

Appeal From Greenwood County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-477
Heard September 10, 2015 – Filed October 7, 2015

———————

**AFFIRMED**

———————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

———————

**PER CURIAM:** William Donald Bolt appeals his convictions and sentences for second-degree criminal sexual conduct (CSC) with a minor and committing a lewd

act upon a child. Bolt contends the trial court erred in (1) admitting his oral and written statements, which were obtained in violation of *Missouri v. Seibert*, 542 U.S. 600 (2004), and *State v. Navy*, 386 S.C. 294, 688 S.E.2d 838 (2010); and (2) denying his motion for a directed verdict on the lewd act charge under the *corpus delicti* rule. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the admission of Bolt's statements: *State v. Hewins*, 409 S.C. 93, 103, 760 S.E.2d 814, 819 (2014) ("The admission or exclusion of evidence is left to the sound discretion of the trial court, and the court's decision will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the decision of the trial court is based upon an error of law or upon factual findings that are without evidentiary support."); *State v. Goodwin*, 384 S.C. 588, 601, 683 S.E.2d 500, 507 (Ct. App. 2009) ("When seeking to introduce a confession, the State must prove that the statement was voluntary and taken in compliance with [*Miranda v. Arizona*, 384 U.S. 436 (1966)]."). We find Bolt's reliance on *Seibert* and *Navy* is misplaced because Bolt was advised of and voluntarily waived his *Miranda* rights before he was interrogated by law enforcement. *See id.* ("The test of voluntariness is whether a defendant's will was overborne by the circumstances surrounding the giving of a confession."); *id.* ("When reviewing a trial [court's] ruling concerning voluntariness, the appellate court does not re-evaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial [court's] ruling is supported by any evidence."); *id.* at 602, 683 S.E.2d at 508 ("Once a voluntary waiver is made, it continues until the individual being questioned indicates he wants to revoke the waiver and remain silent or circumstances exist which establish that his will has been overborne and his capacity for self-determination critically impaired."); *State v. Williams*, 405 S.C. 263, 272, 747 S.E.2d 194, 199 (Ct. App. 2013) ("The State may not use statements stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." (citing *Miranda*, 384 U.S. at 444)).

2. As to the trial court's denial of Bolt's motion for a directed verdict: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* ("A defendant is entitled to a directed verdict when the [S]tate fails to produce evidence of the offense charged."); *id.* ("When reviewing a denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the

[S]tate."); *State v. Bailey*, 368 S.C. 39, 45, 626 S.E.2d 898, 901 (Ct. App. 2006) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); *State v. Abraham*, 408 S.C. 589, 592, 759 S.E.2d 440, 441 (Ct. App. 2014) ("It is well-settled law that a conviction cannot be had on the extra-judicial confessions of a defendant unless they are corroborated by proof *aliunde* of the *corpus delicti*."); *id.* at 593, 759 S.E.2d at 442 ("[T]he corroboration rule is satisfied if the State provides sufficient independent evidence which serves to corroborate the defendant's extrajudicial statements and, together with such statements, permits a reasonable belief that the crime occurred." (alteration by court)); *id.* at 592 n.1, 759 S.E.2d at 441 n.1 ("[T]he corroborative evidence need not be sufficient, independent of the statements, to establish the *corpus delicti*." (quoting *Opper v. United States*, 348 U.S. 84, 93 (1954)); *id.* ("It is necessary, therefore, to require the [State] to introduce substantial independent evidence which would tend to establish the trustworthiness of the statement." (quoting *Opper*, 348 U.S. at 93)); *State v. Nicholson*, 366 S.C. 568, 575-76, 623 S.E.2d 100, 103 (Ct. App. 2005) ("Any concerns about contradictory statements by the accuser . . . [are] ultimately about [the accuser's] credibility and therefore in the domain of the jury."); *State v. Wade*, 306 S.C. 79, 85, 409 S.E.2d 780, 783 (1991) (explaining when prosecuting a crime, the State is not required "to prove the precise day or even year laid in the indictment, except where time enters into the nature of the offense, or is made part of the description of it").

**AFFIRMED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**