# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Tyrone Anderson, Respondent,

v.

State of South Carolina, Appellant.

Appellate Case No. 2021-001189

---

Appeal From Greenwood County
Perry H. Gravely, Circuit Court Judge

---

Opinion No. 6051
Heard October 3, 2023 – Filed February 21, 2024

---

**REVERSED**

---

Attorney General Alan McCrory Wilson and Assistant
Attorney General Joshua Abraham Edwards, both of
Columbia; and Solicitor David Matthew Stumbo, of
Greenwood, all for Appellant.

Robert Jamison Tinsley, Jr., of Greenwood, for
Respondent.

---

**VERDIN, J.:**  The State appeals the circuit court's reversal of Tyrone Anderson's
magistrate's court conviction of driving under the influence (DUI) and dismissal of
the charge.  On appeal, the State argues it presented evidence to establish each
element of DUI and that evidence independently corroborated Anderson's
admission of driving such that it satisfied the *corpus delicti* rule.  We reverse.

**FACTUAL/PROCEDURAL BACKGROUND**

On January 29, 2020, Trooper J.L. Edwards cited Anderson for DUI.  Anderson was tried by a jury in magistrate's court on May 7, 2021.  At the trial, Deputy Dawn McGuire-Smith testified that she responded to a private residence in Greenwood County after someone reported a suspicious vehicle in the driveway.  The private residence was not Anderson's home.[1]  Deputy McGuire-Smith testified she discovered Anderson passed out in the driver's seat with his foot on the brake, while the vehicle's engine was running with the transmission in drive.  She knocked on the window a few times before Anderson responded, and she told him to put the car in park several times before he complied.  Deputy McGuire-Smith stated she smelled alcohol when he rolled the window down.  She asked Anderson if he was coming from work, to which Anderson replied, "oh, yeah."  She radioed dispatch to send a trooper.  The State published Deputy McGuire-Smith's body camera footage to the jury.

Trooper Edwards testified that when he arrived on scene, he approached the vehicle and saw Anderson passed out.  He asked Anderson where he was coming from, and Anderson replied, "here."  When he asked Anderson to get out of the vehicle, Anderson had to lean up against the car to prevent himself from falling.  Trooper Edwards explained he administered field sobriety tests, but Anderson was unable to complete them.  Trooper Edwards testified he found a cup in Anderson's vehicle that contained brown liquid, which smelled of liquor.  He recalled that after he transported Anderson to the detention center, Anderson refused to complete a breathalyzer test.

The State published Trooper Edwards's dash camera footage to the jury.  On the footage, when asked where he was coming from, Anderson stated, "here," and "having a good time."  Anderson also said he had a "few" drinks.  Trooper Edwards asked Anderson, "How'd you get here?"  Anderson replied, "I'm driving" and "just driving."  Trooper Edwards again asked where he came from, and Anderson replied, "home."  After placing handcuffs on Anderson, Trooper Edwards read Anderson his *Miranda*[2] warnings and Anderson stated he wished to continue to speak to him.  Anderson then stated, "I f***ed up," multiple times.  He also asked Trooper Edwards to call his wife to tell her, "I'm drunk; I messed up."

---

[1] Although it is unclear who owned the residence where Anderson was found, Deputy McGuire-Smith's body camera footage showed her referencing the homeowners' presence at the scene.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

On cross examination, Trooper Edwards testified he did not observe Anderson driving.  He acknowledged Anderson told him he was "having a good time right here" at the scene.

At the close of the State's evidence, Anderson moved for a directed verdict, arguing the State failed to prove he was driving.  He asserted that his case aligned directly with *State v. Graves*,[3] in which our supreme court determined "driving" required movement of the vehicle.  In response, the State argued Anderson stated in the video that he was driving.  The magistrate denied the directed verdict, finding there was circumstantial evidence to submit the issue to the jury.  Anderson then replied that to prove the *corpus delicti* of DUI, a confession was not enough and there must be substantial circumstantial evidence.  The magistrate again denied the directed verdict.

The jury found Anderson guilty of DUI.  The magistrate sentenced him to twenty days in jail or the payment of a $992 fine.  Anderson appealed his guilty verdict to the circuit court.  The magistrate filed a return, indicating that Trooper Edwards's dash camera video showed Anderson stated he was, "drunk," "f****ed up," and he "f****ed up bad."  The magistrate further observed that Anderson was asked multiple times where he was coming from, and he responded, "here," "having a good time," "just driving," and "home."

At the hearing before the circuit court, Anderson argued the magistrate erred by denying his request for a directed verdict because the State failed to prove the element of driving for his DUI conviction.  The State responded that it satisfied the corroboration rule by providing sufficient independent evidence to corroborate Anderson's statements that (1) Anderson was in the driver's seat with his foot on the brake and (2) the officer had to tell him to put the car in park.

The circuit court reversed Anderson's conviction, holding that the State failed to produce any independent evidence of driving, whether direct or circumstantial, that showed Anderson put the car in motion while under the influence of alcohol.  Therefore, the circuit court found the magistrate erred in denying Anderson's motion for a directed verdict.  This appeal followed.

**STANDARD OF REVIEW**

---

[3] 269 S.C. 356, 237 S.E.2d 584 (1977).

"In criminal appeals from a municipal court, the circuit court does not conduct a de novo review; rather, it reviews the case for preserved errors raised to it by an appropriate exception." *City of Cayce v. Norfolk S. Ry. Co.*, 391 S.C. 395, 399, 706 S.E.2d 6, 8 (2011). "[T]he circuit court is bound by the municipal court's findings of fact if there is any evidence in the record which reasonably supports them." *City of Greer v. Humble*, 402 S.C. 609, 613, 742 S.E.2d 15, 17 (Ct. App. 2013). "The appellate court's review in criminal cases is limited to correcting the order of the circuit court for errors of law." *State v. Hoyle*, 397 S.C. 622, 625, 725 S.E.2d 720, 722 (Ct. App. 2012) (quoting *State v. Johnson*, 396 S.C. 182, 186, 720 S.E.2d 516, 518 (Ct. App. 2011)).

## LAW AND ANALYSIS

The State argues the circuit court erred by reversing Anderson's conviction of DUI because the State presented sufficient independent evidence to corroborate Anderson's statements to the police, and that independent evidence, taken together with the statements, allowed a reasonable inference that Anderson committed the crime of DUI. We agree.

Our courts have long held that "a conviction cannot be had on the extra-judicial confessions of a defendant unless they are corroborated by proof *aliunde* of the *corpus delicti*." *State v. Osborne*, 335 S.C. 172, 175, 516 S.E.2d 201, 202 (1999) (footnotes omitted). However, in *Osborne*, our supreme court followed the holding of the United States Supreme Court in *Opper v. United States*, 348 U.S. 84, 93 (1954), and applied the trustworthiness approach set forth there. *Osborne*, 335 S.C. at 179-80, 516 S.E.2d at 205; *see also State v. Abraham*, 408 S.C. 589, 592 n.1, 759 S.E.2d 440, 441 n.1 (Ct. App. 2014) ("Given our supreme court's holding in *State v. Osborne*, we find our state's law is consistent with the 'trustworthiness' approach delineated in *Opper* . . . ."). The *Osborne* court clarified that "the corroboration rule is satisfied if the State provides sufficient independent evidence which serves to corroborate the defendant's extra-judicial statements and, together with such statements, permits a reasonable belief that the crime occurred." 335 S.C. at 179-80, 516 S.E.2d at 205. Thus, "the corroborative evidence need not be sufficient, independent of the statements, to establish the *corpus delicti*." *Id.* at 179, 516 S.E.2d at 204 (quoting *Opper*, 348 U.S. at 93). Instead, the State must "introduce substantial independent evidence which would tend to establish the trustworthiness of the statement." *Id.* (quoting *Opper*, 348 U.S. at 93).

"Corroboration requires 'substantial independent evidence,' which is sufficient 'if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth.'" *State v. Russell*, 345 S.C. 128, 132, 546 S.E.2d 202, 205 (Ct. App. 2001) (quoting *Osborne*, 335 S.C. at 179, 516 S.E.2d at 204)). "If the statement is independently corroborated, then the combination of the statement and the State's remaining evidence may be considered by the trial court to determine if there is any evidence tending to establish the *corpus delicti*." *Id.* at 132-33, 546 S.E.2d at 205; *see also Abraham*, 408 S.C. at 592-93 n.1, 759 S.E.2d at 442 n.1 (Ct. App. 2014) ("[T]he *corpus delicti* rule only requires evidence *aliunde* the confession which, when considered with the confession, supports the confession and permits a reasonable inference that the crime occurred. The independent evidence must touch or be concerned with the *corpus delicti*." (internal citation omitted by court) (quoting *State v. Trexler*, 342 S.E.2d 878, 880-81 (N.C. 1986))); *id.* at 593 n.1, 759 S.E.2d at 442 n.1 ("[T]he rule does not require that the evidence *aliunde* the confession prove any element of the crime." (quoting *Trexler*, 342 S.E.2d at 880)).

"The corroboration rule applies whether a statement amounts to a confession or merely constitutes an admission of essential facts from which guilt might be inferred." *Hill v. State*, 415 S.C. 421, 433-34, 782 S.E.2d 414, 421 (Ct. App. 2016). "If there is any evidence tending to establish the *corpus delicti*, then it is the trial court's duty to pass that question on to the jury." *Osborne*, 335 S.C. at 180, 516 S.E.2d at 205.

"The *corpus delicti* of DUI is: (1) driving a vehicle; (2) within this State; (3) while under the influence of intoxicating liquors, drugs, or any other substance of like character." *State v. Townsend*, 321 S.C. 55, 58, 467 S.E.2d 138, 140 (Ct. App. 1996); *see also* S.C. Code Ann. § 56-5-2930(A) (2018) ("It is unlawful for a person to drive a motor vehicle within this State while under the influence of alcohol to the extent that the person's faculties to drive a motor vehicle are materially and appreciably impaired . . . ."). The driving of a motor vehicle while under the influence of alcohol may be proven by circumstantial evidence. *State v. Salisbury*, 330 S.C. 250, 256-57, 498 S.E.2d 655, 658 (Ct. App. 1998), *aff'd as modified*, 343 S.C. 520, 541 S.E.2d 247 (2001).

Here, the circuit court relied on our supreme court's 1977 opinion in *Graves* to find the State did not satisfy the corroboration rule. In *Graves*, the State appealed a circuit court's order reversing the defendant's conviction and sentence for DUI. 269 S.C. at 358, 237 S.E.2d at 585. The State presented evidence that a patrolman discovered a vehicle with the engine running and the transmission in gear. *Id.* at

359, 237 S.E.2d at 585.  The vehicle was occupied by the defendant, who was leaning over the steering wheel asleep.  *Id.*  The patrolman indicated he instructed the defendant to get out of the car, at which time the car started moving.  *Id.*  The patrolman further stated that he observed a strong odor of alcohol and some physical impairment, but acknowledged he never saw the defendant driving the vehicle.  *Id.*  On appeal, our supreme court considered whether the defendant's actions constituted DUI and affirmed the reversal of the defendant's conviction, finding the word "drive" required the vehicle to be in motion to constitute the offense.  *Id.* at 364, 237 S.E.2d at 588.

As stated above, in its 1999 opinion in *Osborne*, our supreme court applied the "trustworthiness approach" set forth in *Opper* and its progeny.  *Osborne*, 335 S.C. at 179-80, 516 S.E.2d at 204-05 ("We clarify the law in this State that, consistently with *Opper* and its progeny, the corroboration rule is satisfied if the State provides sufficient independent evidence which serves to corroborate the defendant's extra-judicial statements and, together with such statements, permits a reasonable belief that the crime occurred.").

In *Osborne*, a trooper discovered a wrecked car, which was abandoned, but its hood was warm to the touch.  *Id.* at 174, 516 S.E.2d at 202.  A few hours later, a deputy met the defendant at a convenience store.  *Id.*  The deputy testified the defendant, who appeared very intoxicated, wanted to report his car was stolen.  *Id.* After the deputy informed him of his *Miranda* rights, the defendant admitted he wrecked the car, that the keys to the locked car were in his pocket, and he had not had any alcohol after the accident.  *Id.* at 174-75, 516 S.E.2d at 202.  The defendant failed the field sobriety tests and his breathalyzer test result was 0.14%. *Id.* at 175, 516 S.E.2d at 202.  Applying the trustworthiness approach, our supreme court held the State provided independent evidence, taken together with the defendant's statements, which "allowed a reasonable inference that the crime of driving under the influence was committed."  *Id.* at 180, 516 S.E.2d at 205.

In *Russell*, the defendant was found in the back seat of a car that was in a ditch on the side of the road.  345 S.C. at 130, 546 S.E.2d at 204.  He admitted to driving the car, although he subsequently denied driving.  *Id.*  The State presented evidence showing the car belonged to the defendant, the defendant was the only occupant present at the scene when officers arrived, the keys to the vehicle were in the defendant's pocket, and the hood of the car was still warm.  *Id*. at 133, 546 S.E.2d at 205.  This court affirmed the defendant's conviction for DUI, concluding the State presented independent evidence to support the trustworthiness of the

defendant's statements that he had been driving the car, such that the question of guilt of DUI should have been submitted to the jury.  *Id.*

In *Abraham*, this court reversed the circuit court's reversal of a defendant's magistrate's court conviction for DUI.  408 S.C. at 594, 759 S.E.2d at 443.  A trooper arrived at the accident scene of a wrecked vehicle and found the defendant in the presence of emergency personnel.  *Id.* at 590-91, 759 S.E.2d at 441.  The defendant smelled of alcohol, failed field sobriety tests, and his breathalyzer result showed his blood alcohol level was 0.22%.  *Id.* at 591, 759 S.E.2d at 441.  The defendant also admitted to drinking wine and driving the wrecked vehicle.  *Id.* This court held the State provided sufficient independent evidence to support the trustworthiness of the defendant's statements to the police, and the "independent evidence, taken together with the statements, allowed a reasonable inference that the crime of DUI had been committed."  *Id.* at 594, 759 S.E.2d at 443.  Therefore, this court concluded that the magistrate court properly denied the defendant's motion for a directed verdict and submitted the case to the jury.  *Id.*

We acknowledge that at first blush, the facts of the present case may seem similar to those in *Graves*.  However, the defendant in *Graves* never admitted to driving the vehicle as Anderson did here.  Furthermore, in viewing the present facts through the trustworthiness approach of *Osborne* and its progeny, we hold the State satisfied the corroboration rule.

First, Trooper Edwards's dashboard camera footage showed that Anderson admitted to driving and to being drunk.[4]  *See Hill*, 415 S.C. at 433-34, 782 S.E.2d at 421 ("The corroboration rule applies whether a statement amounts to a confession or merely constitutes an admission of essential facts from which guilt might be inferred.").  When Trooper Edwards asked Anderson where he was coming from, he stated, "home," "here," "I'm driving," and "driving."  Anderson also repeatedly said, "I f***ed up," and asked to call his wife to tell her that he was "drunk," and had "messed up."  As such, Anderson's statements qualified as an admission under the corroboration rule.

Second, the State presented sufficient independent evidence to corroborate Anderson's statements to law enforcement.  As to the element of driving a vehicle, Deputy McGuire-Smith testified that when she arrived on scene, she observed Anderson passed out in the front seat with his foot on the brake, while the car was

---

[4] Anderson also admitted driving to Deputy McGuire-Smith when she asked Anderson if he was coming from work and he replied, "oh, yeah."

on and the transmission was in drive. Additionally, the private residence was not Anderson's home. *See City of Easley v. Portman*, 327 S.C. 593, 596, 490 S.E.2d 613, 615 (Ct. App. 1997) ("All that the first element requires is that the State sufficiently prove that *someone* drove the automobile.").

Deputy McGuire-Smith testified she responded to a call at a private residence in Greenwood County; thus, the second element, "within this State," is met. Finally, Deputy McGuire-Smith's testimony satisfies the element of "while under the influence of intoxicating liquors." Deputy McGuire-Smith stated that when Anderson rolled his window down, she smelled alcohol. She further indicated she had to knock on Anderson's window several times to wake him up and had to tell him to put the car in park several times before he complied. Trooper Edwards testified Anderson had to lean up against the car to prevent himself from falling over and he was unable to complete a field sobriety test. Trooper Edwards further stated he found a cup with brown liquid that smelled like liquor.

These facts, taken together, provided a foundation independent of Anderson's statements to support the trustworthiness of Anderson's statements. Furthermore, this independent evidence, taken together with Anderson's statements, allowed a reasonable inference that Anderson committed the crime of DUI. Accordingly, we hold the magistrate properly denied Anderson's motion for a directed verdict and submitted the case to the jury because there was evidence tending to establish the *corpus delicti* of DUI. *See Osborne*, 335 S.C. at 180, 516 S.E.2d at 205 ("If there is any evidence tending to establish the *corpus delicti*, then it is the trial court's duty to pass that question on to the jury.").

Based on the foregoing, we hold that the circuit court erred by reversing Anderson's conviction of DUI because the State presented sufficient independent evidence to corroborate Anderson's statements to the police, and that independent evidence, taken together with the statements, allowed a reasonable inference that the crime of DUI was committed. The circuit court's decision is hereby reversed and Anderson's conviction is reinstated.

**REVERSED.**

**WILLIAMS, C.J., and HEWITT, J., concur.**